## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JERRY M. GIBSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of the Social Security Administration, )<br>)<br>Defendant. ) | 1:04-cv-2117-DFH-TAB |

### Entry Discussing Plaintiff's Request for
### Review and Directing Further Proceedings

### I. Background

This action was closed on May 15, 2006, when Judge Tinder reversed and remanded the 2004 decision of the Commissioner denying Disability Insurance Benefits ("DIB") for the period of November 17, 1987, through January 1, 1995. The court instructed the Commissioner to award benefits for a period of time to be determined beginning November 17, 1987.

On November 12, 2008, the plaintiff filed a motion seeking review of the decisions of Administrative Law Judge ("ALJ") James Norris dated May 18, 2007, and November 7, 2007. The plaintiff stated that although each of those decisions recited that it was "fully favorable," his payment has been at the "congressional liaison" office at the Baltimore Payment Center since March of 2008. The plaintiff also sought clarification as to how his work history is determined in the calculation of his DIB. Neither of the ALJ decisions have been made a part of the record in this case.

On November 24, 2008, the court directed the Commissioner to report what has transpired at the Social Security Administration ("SSA") in relation to this case since May 15, 2006, and to state his contention as to how the plaintiff's November 12, 2008, motion should be treated in the context of this litigation. In his Report to the Court Regarding Case Status, the Commissioner states that the plaintiff received a fully favorable decision from ALJ James Norris on November 11, 2007, and that the plaintiff is in "pay status" based on that decision. The ALJ found an onset date of disability of November 17, 1987. The Commissioner noted that on January 15, 2008, the plaintiff requested a hearing regarding action taken on his Supplemental Security Income ("SSI") account reducing his monthly award of benefits and as of December 12, 2008, that claim remained pending.

The plaintiff responded on December 17, 2008, that he is in "pay status" because of the May 18, 2007, decision but not the November 2007 decision. He continues to report that his payment has been at the "congressional liaison" office at the Baltimore Payment Center since March of 2008. He also added a new challenge, to the amount of money disbursed to an attorney by the SSA in connection with the May 2007 decision.

The questions presented by the foregoing circumstances are (1) whether this court has any continuing jurisdiction to review the post-remand events based on the filing of the case which resulted in the remand, (2) whether there is a separate basis for the exercise of jurisdiction to review the post-remand events, and (3) if the court has jurisdiction to proceed, whether the post-remand decisions, actions, and events entitle the plaintiff to any relief.

## II.  Discussion

### A.  Jurisdiction Following Remand

The Commissioner first correctly asserts that upon issuance of the sentence four remand and final judgment, the court relinquished jurisdiction over the 2004 decision of the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 296-98 (1993) (court does not retain jurisdiction after having issued a sentence four final judgment).

This ends the first inquiry posed above. The plaintiff cannot use the litigation in this action to obtain judicial review of the post-remand events.

### B.  Separate (New) Basis for Jurisdiction

The second inquiry posed above is whether there is a separate basis for the exercise of jurisdiction to review the post-remand events.  This could occur, for example, if the plaintiff has an independent right to judicial review of any of the decisions, actions or events he describes. If this is the case, the plaintiff should have filed a new action, but that is the type of error which could be easily remedied.

This possibility is defeated in large part, however, by the undisputed fact that the plaintiff has not exhausted his agency remedies with respect to the two 2007 ALJ decisions. Indeed, the plaintiff did not request that the Appeals Council review either of the ALJ's 2007 decisions. The consequence of this is that there was no "final decision" of the Commissioner in a statutory scheme which requires that a final decision be issued before judicial review can be sought. See 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977)(court can only review final decision).

The Commissioner acknowledges that the Supreme Court has recognized that courts may excuse a failure to exhaust in "certain special cases," but argues that the plaintiff's claims do not fit within the exception. In *Hecker v. Ringer*, 466 U.S. 602, 618 (1984), the Supreme Court noted that exhaustion may not be required if a claim is wholly

collateral to a claim for benefits and the claimant has shown that his injury could not be remedied by retroactive payment of benefits after exhaustion of administrative remedies. *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976)). In this case, the plaintiff concedes that he did not exhaust his administrative remedies, but he asks the court to excuse that failure because his claim falls within the "certain special cases" exception.

As to the plaintiff's challenge to the ALJ's calculation of benefits, the court is not persuaded that such challenge is wholly collateral to his claim for benefits. There is no discernible reason why the plaintiff could not have sought review from the Appeals Council on this question. In addition, as to the SSI claim, it remained pending at the SSA when the plaintiff filed his motion in this case. As to these claims, the plaintiff has failed to exhaust his administrative remedies and the court lacks jurisdiction over those claims asserted in the November 12, 2008, filing.

The question as to the delay in payment of benefits after the Commissioner issued a "fully favorable" decision in November 2007 is a different matter. More like the claim in *Mathews v. Eldridge*, 424 U.S. 319, this claim is collateral to the plaintiff's claim for benefits because it is one of procedure. Additionally, the challenge to the delay in payment could not have accrued at the time the ALJ issued his favorable decision because at that point there had been no delay. Indeed, it is the execution of the final decision that apparently has not occurred. The plaintiff's claim may be liberally construed to be one of due process, in which he seeks injunctive relief mandating the Commissioner to promptly pay benefits as directed by the ALJ in the November 2007 decision. This has the flavor of mandamus, which is an extraordinary remedy. Before the court explores or acts on that possibility, however, the reasonable course of action is to determine whether there is still an issue associated with the payment of benefits ordered by the ALJ in November 2007.

### III.

A court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.). Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 74 U.S. 506, 514 (1868). This court lacks jurisdiction to review the ALJ decisions issued in May 2007 and in November 2007. To the extent the plaintiff seeks such review in his filing of November 12, 2008, that request is **denied for lack of jurisdiction.**

To the extent the plaintiff seeks relief to compel payment of benefits to which he is entitled, the Commissioner shall **report not later than July 8, 2009,** whether the plaintiff is receiving regular DIB payments and whether any retroactive award to which he is entitled has been paid.

So ordered.

Date: June 18, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jerry M. Gibson
4320 E. 700 N.
Alexandria, IN 46001-8732

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov